WIDENER, Circuit Judge,
concurring:
I concur in the result. I arrive at that result, however, by a different route from that of the majority.
In this case, Henrico County, by ordinance, required open access to its cable modem platform, which requirement is in violation of the Federal Communications Act, 47 U.S.C. § 541(b)(3)(D), maj. op. at 359.
A Virginia statute, Virginia Code § 15.2-2108(E) (1998), provides, in pertinent part, that “[n]o locality may regulate cable television systems by regulations inconsistent with either laws of the Commonwealth or federal law relating to cable television operations.” (italics added)
Thus, Virginia has tried, as best as she may, even by specific statute, to prevent her counties from running afoul of the Federal Communications Act.
The determination of whether or not a local law has been preempted by federal law is a Constitutional question. It “is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the Constitutional question of whether they are in conflict.” Chicago & NWTR Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 317, 101 S.Ct. 1124, 67 L.Ed.2d 258 (1981) (internal quotations omitted).
*366 In Virginia, a county has only the powers expressly granted to it by the Commonwealth, or necessarily implied, and a local ordinance in violation thereof is invalid. Bd. of Supervisors of Augusta County v. Countryside Inv. Co., 258 Va. 497, 522 S.E.2d 610, 613 (1999).
The second rule of construction in Ashwander v. TVA, 297 U.S. 288, 346-47, 56 S.Ct. 466, 80 L.Ed. 688 (Brandeis, J., concurring) (1936), is: “The court will not anticipate a question of Constitutional law in advance of the necessity of deciding it.... It is not the habit of the Court to decide questions of a Constitutional nature unless absolutely necessary to a decision of the case.” (internal quotations omitted) And the fourth rule of Ashwander is: “The Court will not pass upon a Constitutional question, although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.” Ashwander, 297 U.S. at 346-47, 56 S.Ct. 466. I suggest the majority decision violates both these rules.
In my opinion, the Henrico County ordinance is in violation of state law, being “inconsistent with ... federal law” under Virginia
Code § 15.2-2108(E). Thus, our decision should rest on the fact that the Henri-co County ordinance is contrary to state law, that ground having presented itself, instead of, contrary to Ashwander, deciding a Constitutional question which gets the same result.
What purpose is served by States trying to cooperate, as here, if their statutes are to be routinely Constitutionally preempted?